SUPREME COURT
STATE OF NEW YORK                    COUNTY OF BROOME

---

**STATE FARM FIRE AND CASUALTY COMPANY**          Plaintiff designates
(as Subrogee of Cathy L. Horowitch)               Broome County as
(52-10Q8-43L))                                    the Place of Trial
One State Farm Plaza
Bloomington, IL 61701                             **SUMMONS**

                    Plaintiff,          Index No:
                                                  Filed:
-vs-

**WALMART, INC., d/b/a WALMART,**                 Basis of Venue:
702 SW 8th Street                                 Place of cause of action
Bentonville, AR 72716

                    Defendant.

---

TO THE ABOVE NAMED DEFENDANT:

**YOU ARE HEREBY SUMMONED** to Answer the Complaint in this action, and to serve a copy of your Answer within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after the service is complete if this Summons is not personally delivered to you in the State of New York; and in case of your failure to appear to Answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: 10/18/21

                                              THOMAS P. GIVAS, ESQ.
                                              Pappas, Cox, Kimpel, Dodd & Levine, P.C.
                                              Attorneys for Plaintiff
                                              614 James Street, Suite 100
                                              Syracuse, New York 13203-2220
                                              Telephone: (315) 472-4481

SUPREME COURT
STATE OF NEW YORK                    COUNTY OF BROOME

STATE FARM FIRE AND CASUALTY COMPANY
(as Subrogee of Cathy L. Horowitch),
(52-10Q8-43L))
                Plaintiff,

**VERIFIED COMPLAINT**
Index No:
Filed:

-vs-

**WALMART, INC. d/b/a WALMART,**

                Defendant.

      The Plaintiff, State Farm Fire and Casualty Company, by its attorneys Pappas, Cox, Kimpel, Dodd & Levine, P.C., as and for a cause of action against the Defendant above-named, alleges and respectfully shows to the Court as follows:

1.      The Plaintiff was and still is a foreign insurance company organized and existing by virtue of the laws of the State of Illinois, is duly authorized and licensed to transact insurance business within the State of New York, including Broome County, and has an office for the conduct of business located at One State Farm Plaza, in Bloomington, Illinois 61701.

2.      Upon information and belief, and at all times mentioned herein, the Defendant, Walmart, Inc. was and still is a foreign business corporation organized and existing by virtue of the laws of the State of Delaware, is duly authorized to transact business within the State of New York and has an office for the conduct of business located at 702 SW 8th Street, Bentonville, AR 72716. In addition, Walmart, Inc. has filed and is doing business under the trademark Mainstays and d/b/a Walmart.

3.      Upon information and belief, the Defendant transacts business within the State of New York, have contracted to provide goods and products within the State of New York and/or has engaged in negligent conduct and/or torts causing damages within the State of New York and regularly does or solicits business, or derives substantial revenue from goods used or services rendered in the State or expects or reasonably should expect the acts to have consequences in the State and derives substantial revenue from interstate or international commerce.

4.      At all times mentioned herein, Cathy L. Horowitch was and still is resident of the County of Broome and is the owner of the premises, personal property and furnishings located at 535 Central Street in Endicott, New York 13760.

5. That at all times hereinafter mentioned, the Plaintiff had issued a policy of insurance insuring said premises, personal property and furnishings owned by Cathy L. Horowitch.

6. Upon information and belief, located within the premises owned by Cathy L. Horowitch was a Mainstays or Sensio toaster which was distributed by and sold by the Defendant Walmart Stores, Inc. The Defendant warranted that this product would be fit for the ordinary and/or particular purpose of the product.

7. In addition, the Defendant owed a duty to Cathy L. Horowitch to distribute and/or sell aforementioned toaster in a careful manner so that it would not be unreasonably dangerous to persons or property.

8. Upon information and belief, the toaster was defective, non-conforming, and the Defendant breached its agreement and warranties by providing a Toaster which was not fit for its ordinary and/or particular purpose. The product provided to Cathy L. Horowitch was unreasonably dangerous, and defective. The toaster failed and caused a fire on the premises on August 26, 2020.

9. Upon information and belief, the Defendant was negligent in its design, manufacture, assembly, inspection, testing and/or sale of the subject Toaster, thereby causing the product to be unreasonably dangerous.

10. Upon information and belief, as a result of the above breaches and negligent acts and/or omissions on the part of the Defendant, the toaster caused a fire on August 26, 2020 which resulted in damage to the premises and personal property owned by Cathy L. Horowitch.

11. Solely as a result of the above-referenced breaches and negligent acts and/or omissions on the part of the Defendant Walmart, Inc., Cathy Horowitch sustained damage to her premises and personal property in the sum of $115,318.94.

12. The Defendant has wholly failed to pay said sum.

13. Pursuant to the insurance policy which the Plaintiff issued to Cathy L. Horowitch the Plaintiff paid said sum to its insured, less any deductible, and is subrogated to said claim and/or said claim was assigned to Plaintiff.

14. Plaintiff is therefore entitled to proceed against the Defendant for the damages caused by the Defendant's above-referenced breaches of contract, warranty, negligence and/or strict products liability in connection with the above-referenced matter. Thus, the Defendant is liable to Plaintiff for the sum of $115,318.94

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT PLAINTIFF ALLEGES THE FOLLOWING:

15. The Plaintiff repeats each allegation previously made and further alleges and shows the following:

16. Upon information and belief, the Defendant was negligent in the sale, marketing, and distribution, of the subject product and/or its component parts which were unreasonably dangerous and defective.

17. Upon information and belief, the above-mentioned negligent acts and/or omissions thereafter caused a fire on August 26, 2020 which was the proximate cause of the damages sought herein.

18. Accordingly, the Defendant is liable to Plaintiff for such damages in the amount of $115,318.94.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANT, THE PLAINTIFF ALLEGES THE FOLLOWING:

19. The Plaintiff repeats each allegation previously made and further alleges and shows the following:

20. Upon information and belief, the Defendant introduced into the stream of commerce a product which was unreasonably dangerous and defective at the time of its delivery and/or at the time it left Defendant's hands.

21. Upon information and belief, the product and/or its components was defective and unreasonably dangerous in design, construction, manufacture, assembly, sale, marketing, distribution, inspection and/or testing of the products and/or its component parts.

22. Upon information and belief, the above mentioned defects rendered the product unreasonably dangerous and was the proximate and/or producing cause of the damages from the fire described above.

23. Accordingly, Defendant is liable to Plaintiff in the sum of $115,318.94.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant on each Cause of Action in the sum of $115,318.94 plus interest thereon, together with the costs and disbursements of this action, and such other and further relief as the Court may seem just and proper.

Dated: 10/18/21

THOMAS P. GIVAS, ESQ.
Pappas, Cox, Kimpel, Dodd & Levine, P.C.
Attorneys for Plaintiff
614 James Street, Suite 100
Syracuse, New York 13203
(315) 472-4481
tgivas@pappascoxlaw.com

STATE OF NEW YORK         )
                          )   SS.:
COUNTY OF ONONDAGA        )

      The undersigned, an attorney admitted to practice in the Courts of New York State, shows: that deponent is the attorney of record for Plaintiffs, **State Farm Fire and Casualty Company as subrogee of Cathy L. Horowitch**, in the within action; that deponent has read the foregoing instrument and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true. Deponent further says that the reason this verification is made by deponent and not by the Plaintiff **State Farm Fire and Casualty Company as subrogee of Cathy L. Horowitch** is that the Plaintiff is not within the County of Onondaga, which is the County where the Deponent has his office.

      Deponent further says that the grounds of deponent's belief as to all matters therein stated on information and belief, are derived from his review of all the records and materials the Deponent received from the Plaintiff State Farm Insurance Companies concerning the subject loss of August 26, 2020.

                                                                                           THOMAS P. GIVAS, ESQ.

Sworn to before me this 18th day
of October, 2021.

_Joy M. Loveland_
Notary Public

JOY M LOVELAND
NOTARY PUBLIC STATE OF NEW YORK
Qualified in Onondaga County
No 01LO6156052
My Commission Expires November 03, 20 24